STATE of Missouri, Respondent,

v.

Pamela BROWN, Appellant.

No. WD 41415.

Missouri Court of Appeals,
Western District.

April 17, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 1990.

Application to Transfer Denied
July 31, 1990.

David S. Durbin, John L. Vohs, Office of Public Defender, Kansas City, for appellant.

William Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, J., Presiding, and SHANGLER and TURNAGE, JJ.

---

ULRICH, Judge.

Pamela Brown appeals her conviction for abuse of a child, § 568.060, RSMo 1986, following trial by the court. She was sentenced to four years incarceration. The judgment is affirmed.

Ms. Brown lived with four of her children, including twelve-year-old Takeisha, on the enclosed back porch of her mother's house. On the afternoon of April 28, 1988, Kansas City police officers went to Ms. Brown's residence after fourteen-year-old Tamika Brown, Ms. Brown's eldest daughter, telephoned a complaint to the police that Ms. Brown possessed Tamika's daughter within the enclosed porch and would not permit Tamika to see her child. When police officers arrived, Ms. Brown exited the residence and spoke to the officers. The only trial testimony of Ms. Brown's exit from the porch omits whether Takeisha accompanied her. The affidavit filed by police seeking a search warrant recounts that Takeisha accompanied Ms. Brown when she exited the porch. Twelve-year-old Takeisha stood behind Ms. Brown. Ms. Brown and the child went back inside the porch, and the door was locked. Police officers were unsuccessful in attempting to convince Ms. Brown to open the porch door, and Tamika informed the officers that her mother would not allow them access because Tamika's sister, Takeisha, was continuously tied or chained to a bed. Police officers then approached the residence and heard the rattling of chains. The officers asked Ms. Brown to permit them to see the children, and Ms. Brown refused to open the door. Ms. Brown's sister arrived and confirmed to police officers that Ms. Brown often tied Takeisha to a bed. The officers informed Ms. Brown that if she would not voluntarily open the door, they would use necessary force to gain entrance. Hearing no response, a police officer cut a hole in the screen door and opened it. Ms. Brown then opened the wooden door, and the officers entered the porch. They observed the children present, including Takeisha, standing behind Ms. Brown. Ms. Brown became angry and directed the officers to leave her house. When they did not leave, Ms. Brown began swinging her arms and kicking her feet. Thereafter, the police officers handcuffed Ms. Brown's wrists and shackled her legs. One of the officers observed marks on Takeisha's wrists. Ms. Brown was asked to sign a consent to search form, and she refused. A statement from Takeisha was taken by police officers, and a search warrant was obtained and executed. Police officers recovered an extension cord, chains, keys and locks from Ms. Brown's residence.

Later that same day, Takeisha was taken to a hospital and examined for physical abuse by a pediatric physician, who testified at trial. Linear scars were observed on Takeisha's back and buttocks consistent with having been struck with a cord, belt or whip. Circumferential markings were observed on both her wrists. Her hands were puffy, consistent with having had tightly constricting devices around her wrists for several hours impeding venous blood flow. The skin underneath the marks on her wrists was thickened and hyperpigmented (darker), consistent with chronic constriction around her wrists over a period of weeks or months. On each arm were scars consistent with having been inflicted as the child raised her arms responsively attempting to protect herself from being struck by a cord, belt or whip.

Ms. Brown contends that the items seized from her residence and admitted as evidence at trial were seized improperly in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of Article I, § 15 of the Missouri Constitution and § 542.261, RSMo 1986 et seq. Ms. Brown alleges that (1) the initial search of her residence without a search warrant was conducted without probable cause and was illegal; (2) the subsequent search, although conducted pursuant to a search warrant, was illegal because it was issued as a result of conversations the affiant seeking the warrant had with police officers present at Ms. Brown's residence during the initial search and with Takeisha Brown; and (3) the warrant was invalid because the affidavit presented to obtain the warrant and relied upon by the issuing Associate

Circuit Judge contained factual misrepresentations.

Assuming that Ms. Brown's contentions are correct, arguendo, and the padlocks, chains, and extension cord seized from her residence as a result of the warrant authorized search should not have been introduced, their introduction as evidence was not prejudicial to her. The tangible evidence obtained from Ms. Brown's residence corroborated Takeisha's trial testimony that she was chained to a bed and was, on one occasion, struck with an extension cord. However, Ms. Brown testified at trial and admitted several times to having chained Takeisha to a bed at night for several months and to having struck her with an extension cord. By agreement of the parties, a pre-trial hearing on Ms. Brown's motion to suppress the evidence was not conducted and the motion was considered with the case. The court ruled, after hearing all the evidence during trial, including Ms. Brown's testimony, to admit the exhibits. Thus, Ms. Brown's decision to testify was not influenced by the court's decision to admit the disputed evidence. Ms. Brown was not prejudiced by the introduction of the contested exhibits even if they should have been suppressed. The introduction of the objects seized from Ms. Brown's residence was harmless error beyond a reasonable doubt. *See State v. Miller*, 650 S.W.2d 619, 621 (Mo. banc 1983); *State v. Baker*, 741 S.W.2d 63, 66–67 (Mo.App.1987). The judgment is affirmed.

All concur.