**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**James McKEE, Defendant/Appellant.**

**No. 54728.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 9, 1991.

Rosalynn Koch, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant appeals convictions of rape, sodomy and tampering. Sections 566.030, 566.060 and 569.080.1 RSMo 1986. Defendant alleges error in admitting, over objection, evidence of a false statement made by defendant and evidence acquired through a search without a warrant. We affirm.

The evidence would support a finding defendant began his activity on July 30, 1987, at 2:15 p.m. He drove a 1977 Hornet into a Pontiac dealership and expressed interest in purchasing a new automobile. Defendant gave the salesman the impression he had cash for a down payment plus a trade-in, the 1977 Hornet. Defendant then stated he was employed by Mienke Muffler, a company the dealership worked with frequently. Because of defendant's alleged employment, he was allowed to take a new Pontiac for an unattended test drive. Unknown to the salesman, defendant had been fired from his job that morning.

Defendant drove the new Pontiac to two local bars. After leaving the last bar and dropping off two passengers he saw the prosecuting witness walking. He offered her a ride which she accepted. The defendant, still on his test drive, took the prosecuting witness to various locations in and around St. Louis. At two of these places, the prosecuting witness was raped. One of these locations was the apartment where defendant resided as a guest of the tenant. The bed in the apartment was the scene of one rape.

After a medical examination, the prosecuting witness took police to defendant's

residence. The police found no one there. They entered, photographed the bed and collected articles in the apartment as evidence. The evidence collected included the sheet found on the bed.

■ Two points are argued on appeal. The first point pertains to the 1977 Hornet defendant drove to the dealership. The prosecution questioned defendant regarding his ability to trade the Hornet for a new automobile. Defendant contends this line of questioning unfairly prejudiced him because the questions involved uncharged crimes. We disagree.

The state correctly asserts questioning defendant regarding his right to trade the Hornet for a new automobile is proper. Defendant admitted in response to the questions the Hornet was not his to trade. Through the questioning, the prosecution did not attempt to show defendant committed an uncharged crime regarding the Hornet. The questions were not accusatory. Defendant's answers tended to prove he intended to commit the charged crime of tampering. Because the inquiry was relevant to one of the charges, the court properly allowed this line of questioning.

■ Defendant's second point on appeal concerns evidence consisting of a photograph, a bed sheet and related testimony. Defendant asserts the evidence was the product of an illegal search and seizure. Without deciding the legality of the search and seizure, we will assume the evidence was obtained through improper means. The assumed error was not prejudicial.

Defendant relied on the defense of consent. This defense essentially neutralized the effect of disputed evidence. The prosecution offered the bed sheet and photograph of the apartment to prove the defendant and the prosecuting witness engaged in sexual relations in the apartment. The evidence establishes precisely what the defendant conceded. There was no prejudice under these circumstances.

■ In addition, defendant alleges he was forced to testify in order to respond to the prosecution's evidence. This point fails for two reasons. First, as defendant admits in his brief, he announced to the court his intention to testify *before* this evidence was offered. Second, in order to present a defense of consent in this case, the defendant had to testify. The only available and favorable witness with the requisite knowledge of an alleged consent is the defendant. The disputed evidence did not force his testimony. Nor did it contradict his testimony or reinforce the testimony of the prosecuting witness.

Furthermore, the court conditionally admitted the evidence. The court took into consideration the possibility defendant would change his mind and exercise his right not to testify. The court "reserved" its ruling subject to further consideration if defendant did not testify. This clearly shows the court ruled the objection with defendant's announced intention to testify in mind. The defendant, however, chose to take the stand.

This same situation was decided in *State v. Brown*, 792 S.W.2d 3 (Mo.App.1990). In *Brown*, the court conditionally allowed evidence but reserved the ruling subject to reconsideration. *Id.* at 5. The defendant then chose to testify. Admission of the evidence was upheld because admission of the evidence had no bearing on defendant's decision to testify. *Id.* Defendant's testimony in *Brown*, as in the current case, established the same facts as the evidence admitted.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.